UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

   v.

TIFFANY HANEY, et al.

Crim. No. 3:24-cr-113
McCook/Varlan

**DEFENDANT HANEY'S MOTION AND MEMORANDUM
TO SEQUESTER GOVERNMENT WITNESSES**

Defendant Tiffany Haney respectfully files this motion, pursuant to Rule 615 of the Federal Rules of Evidence, to sequester government witnesses.

**ARGUMENT**

Multiple potential government witnesses, including law enforcement witnesses and government cooperators, attended the May 29, 2025, motion hearing on Ms. Haney's pretrial motions. In particular, at least two FBI agents who participated in the search were in attendance for much of, if not the entire hearing. The first FBI agent who attended the Court hearing was a black male in a suit and bowtie. This individual serves as the "Group Supervisor" for the FBI's Healthcare Fraud squad. The second FBI agent in attendance was a white male with brown hair who sat behind the FBI's group supervisor in the last row adjacent to the exit door on the left. In fact, both FBI agents are visible at time-stamp 00:05 and 00:57 of the 1:37 minute television segment filmed by WBIR10 of the FBI's search of the Pharmacy. See WBIR Channel 10, <u>FBI, law enforcement conducting 'court-authorized' activity at Rocky Hill Pharmacy in West Knoxville</u> (Apr. 17, 2024), https://www.youtube.com/watch?v=bkCAVgJh_6I (last visited June 6, 2025). Finally, other FBI agents from the same squad, including Agent Valero and Agent Celeste, have attended prior court hearings. Neither agent was designated by the government as its "case agent."

In addition, prescriber Michelle McKnight was present with her husband for nearly the entire hearing. Ms. McKnight was sitting in the first or second row on the left, and was observed with a notepad that she potentially used to take notes of the proceedings. Ms. McKnight also is a government cooperator, and the government's discovery in this case includes recorded telephone conversations between Ms. McKnight and co-defendant Anne Warren. Further, Ms. McKnight wore a secret "body wire" into the Pharmacy and attempted to trick Pharmacy employees into

1

incriminating statements. Finally, the Second Superseding Indictment includes charges relating Ms. McKnight in Counts 6, 7 and 8.

Federal Rule of Evidence 615 provides that "at the request of a party the court <u>shall</u> order witnesses excluded so that they cannot hear the testimony of other witnesses." Fed. R. Evid. 615 (emphasis added). The Rule exempts from sequestration: (1) a party who is a natural person; (2) an officer or employee of a party who is designated as a corporate representative; (3) a person whose presence a party shows to be essential to presenting the party's claim or defense; or (4) a person authorized by statute to be present. <u>See</u> <u>id.</u>

Rule 615 serves a dual purpose: "(1) it prevents witnesses from tailoring testimony to that of other witnesses; and (2) it aids in detecting false testimony." <u>United States v. Green</u>, 305 F. 3d 422, 428 (6th Cir. 2002). District courts have "broad discretion" to sequester witnesses and grant such requests as a matter of course. <u>United States v. Miller</u>, 644 F. Supp. 3d 373, 377 (E.D. Ky. 2022) (granting defendant's request to sequester all witnesses except the United States' designated primary case agent).

In this case, sequestration should be granted. Ms. Haney has challenged the conduct of numerous FBI agents in this case. Neither they nor other members of the FBI should be permitted to observe the government's or defense counsel's arguments and/or factual discussions, as such gives them an unfair opportunity to tailor their testimony, particularly on issues involving fellow agents and how the search and investigation were conducted. This type of witness contamination undermines the integrity of the proceedings and is precisely what witness sequestration is designed to prevent.

Likewise, there is no basis for the government to have one of its cooperators, Ms. McKnight, present in the courtroom for pretrial proceedings. Ms. McKnight is not an impartial

observer, and she is effectively using observations of defense and government strategy to craft or bolster her own testimony. By taking notes on the government's and defense counsel's arguments, she may be strategically positioning herself to echo these points later, lending an air of credibility to her testimony that it otherwise lacks. Such witness conditioning undermines the fairness of the proceedings, and it is highly improper for the government to have permitted its cooperator to gain such an edge.

## CONCLUSION

For the foregoing reasons, Ms. Haney's motion to sequester government witnesses, save a designated "case agent," should be granted.

Dated: June 3, 2025

Respectfully submitted,

**HEALTH LAW ALLIANCE**

*/s/ Anthony J. Mahajan*
Anthony J. Mahajan (admitted *pro hac vice*)
Diana Yastrovskaya (admitted *pro hac vice*)
51 John F. Kennedy Parkway
Short Hills, NJ 07078
Telephone: (800) 345-4125
amahajan@healthlawalliance.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on June 3, 2025, I caused the foregoing to be electronically filed with the Clerk of Court by using the CM/ECF system, which will send the notice of electronic filing to all counsel of record.

                                        */s/ Anthony J. Mahajan*
                                        Anthony J. Mahajan