UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:24-CR-113-TAV-JEM |
| | ) | |
| TIFFANY HANEY and | ) | |
| TINA ROPER, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This case is before the Court on Defendant Tiffany Haney's Motion and Memorandum to Sequester Government witnesses [Doc. 154] and Defendant Tina Roper's Motion to Adopt Co-defendant Haney's Motion to Sequester Government Witnesses [Doc. 157]. Defendant Haney objects to potential Government witnesses, including law enforcement agents and cooperating individuals, attending the May 29, 2025 motion hearing on Defendant's pretrial motions [Doc. 154 p. 2]. She contends that the potential witnesses "should not be permitted to observe the government's or defense counsel's arguments and/or factual discussions, as such gives them an unfair opportunity to tailor their testimony, particularly on issues involving fellow agents and how the search and investigation were conducted" [*Id*. at 3]. Defendant Haney asks the Court to sequester all witnesses for the Government other than the designated case agent [*Id*. at 4]. Defendant Roper joins in the motion and in all arguments made therein [Doc. 157 p. 1].

The Government responds in opposition, arguing that sequestration is limited to times when another witness is testifying [Doc. 162 p. 1]. It maintains that, as previewed in the parties' pre-hearing briefs, no testimony was presented at the May 29, 2025 motion hearing [*Id*. at 2]. It also asserts that Defendant's argument is moot as to the motion hearing that already occurred and

premature as to future proceedings [*Id*. at 2–3]. It further notes that it could request the presence of a second case agent [*Id.* at 2].

I. ANALYSIS

Federal Rule of Evidence 615 provides in relevant part as follows:

> At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses' testimony. Or the court may do so on its own. But this rule does not authorize excluding: . . . . (b) an officer or employee of a party that is not a natural person, after being designated as the party's representative by its attorney; and (c) a person whose presence a party shows to be essential to presenting the party's claim or defense[.]

Fed. R. Evid. 615(b)–(c).

With respect to the May 29, 2025 hearing and who was present during that hearing, Defendant's argument is not well taken and arguably moot. Defendant did not request sequestration under Rule 615, *see* Fed. R. Evid. 615 (explaining that the rule may be triggered by "a party's request"), and no witness testimony was presented during the hearing. The hearing was open to the public, and with limited exception, the parties' filings related to the hearing are available to the public through the Court's electronic docket.

As for Defendant's request for blanket sequestration in future hearings for all Government witnesses, this request too is not well taken at this time. Defendant asserts that allowing FBI agents and Government witnesses to attend the proceedings will allow them "an unfair opportunity to tailor their testimony, particularly on issues involving fellow agents and how the search and investigation were conducted[, which] . . . undermines the integrity of the proceedings and is precisely what witness sequestration is designed to prevent" [Doc. 154 p. 2]. But Defendant provides no support for a blanket sequestration of all Government witnesses from all hearings in this case, including those where no witness testimony is presented. Indeed, as noted above, the

2

record in this case, with limited exception, is publicly available. Defendants may make a request under Rule 615 at future hearings prior to the presentation of any witness testimony.

Finally, Defendant does not object to a designated case agent attending future hearings. But in response, the Government notes that it could request to have a second case agent under Sixth Circuit authority [Doc. 162 p. 2 (citing *United States v. Phibbs*, 999 F.2d 1053, 1072 (6th Cir. 1993)]. To the extent the Government desires to designate a second case agent for any hearing before the undersigned, it shall file a motion within two weeks of the hearing (or within twenty-four hours of the setting of any hearing set without two weeks' notice). To the extent that the Government desires to designate a second case agent for trial, it shall do so on or before the motion in limine deadline.

For the reasons stated, Defendant Tina Roper's Motion to Adopt Co-defendant Haney's Motion to Sequester Government Witnesses [**Doc. 157**] is **GRANTED** and Defendant Tiffany Haney's Motion and Memorandum to Sequester Government witnesses [**Doc. 154**] is **DENIED** without prejudice to make any appropriate motion under Rule 615 at the appropriate time. Deadlines for the Government to designate a second case agent are set forth herein.

**IT IS SO ORDERED**.

ENTER:

Jill. E. McCook
United States Magistrate Judge

3

Case 3:24-cr-00113-TAV-JEM    Document 188    Filed 07/25/25    Page 3 of 3    PageID #: 2521