**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 3:24-CR-113-TAV-JEM |
| | ) | |
| TIFFANY HANEY, et al. | ) | |

**UNITED STATES' MOTION TO COMPEL**

On Friday, February 20, 2026, the defendants produced—in court and for the very first time—versions of 18 prescriptions associated with government witness Dr. Joseph DiChiara. (Exhibit A.) Some of those prescriptions became Defense Exhibit 13. The United States respectfully asks the Court to direct the defendants to (1) produce all 18 prescriptions to the United States in their native, electronic format, complete with all associated metadata, rather than in hard copy; and (2) comply with the Court's order requiring them to produce any similar exhibits they intend to use on cross-examination of the government's witnesses going forward.

**A. The defendants should be required to produce the documents in their native format because there are serious questions about the documents' authenticity.**

The documents at issue are prescriptions that feature clipart-style text boxes that purport to document communications with providers authorizing changes to those prescriptions. Nothing on the face of the documents gives any indication of when the documents were created, or by whom. The salient portions of the documents are the clipart-style text boxes, which are only relevant if they were made at the same time the prescriptions were filled and submitted to insurance for reimbursement. But there is no way to tell from hardcopy exhibits if that is what happened; those notes could have been added at any time, by anyone.

It is also concerning that these notes appear to have been conjured at the last possible

moment.  The United States has confirmed that these notes were not in its possession prior to their disclosure by the defense at trial on February 20, 2026.  And the notes—if genuine—are exculpatory as to those prescriptions to which they are attached.

Yet the defense has never produced or even mentioned these documents before, either in their extensive pre-trial filings or in their dealings with the United States.  They did not produce these documents on January 5, 2026, which was the Court-ordered deadline for reciprocal discovery.  (*See* Doc. 199, Scheduling Order.)  They did not produce them on January 20, 2026, when the United States wrote to defense counsel to confirm they had no reciprocal discovery to produce.  They did not produce them on January 30, 2026, when the United States sent the defendants a witness list for the first week of trial that included Dr. DiChiara.  They did not produce them on February 17, 2026, when trial began and defense counsel used a picture of Dr. DiChiara in their opening statement.  And they did not produce them on February 19, 2026, when the United States informed defense counsel that Dr. DiChiara would testify the next day.

Had the defendants produced the documents at any of these junctures, the United States would have immediately sought to ascertain their origin and authenticity.  That the defendants did not do so suggests a deliberate strategy to prevent that kind of review.  As a result, the authenticity of these documents should not be presumed.

Nor, apparently, was the United States the only party surprised to learn about these documents.  After court had adjourned for the day on Friday, counsel for defendant Anne Warren indicated to counsel for the United States that he had not learned about these documents *until noon the day before*.  That defense counsel did not know about critical exculpatory evidence further suggests that the evidence may not, in fact, be authentic.

Federal Rule of Evidence 1003 allows the exclusion of duplicates where "a genuine question is raised about the original's authenticity." Fed. R. Evid. 1003. If the defense seeks to use duplicates containing suspicious superimposed overlays, then the government is entitled to test their authenticity. And to do that, the United States has asked the defendants to produce them in their native format. (Exhibit B.) The defendants have not done so, nor agreed to do so. (*Id.*)

Native format means the format in which it was created and maintained—not a paper printout and not a stripped-down image like a PDF. The "native" document is the original electronic file, as kept in the ordinary course of business, preserving its embedded data and system properties. Critically, it will allow the United States—and the jury—to determine when those text boxes were added to the documents. The native documents are critical to this case, and the defendants should be required to produce them. *See* Fed. R. Crim. P. 16(d) (authority to regulate discovery).

**B.  The defendants should be directed to comply with the Court's order to produce similar documents they intend to use in cross-examination of the government's witnesses.**

On February 20, 2026, defense counsel indicated they were "[a]bsolutely" "willing to provide to the government . . . any documents they would anticipate using on cross-examination of any witnesses once supplied the names of those witnesses." (Realtime Rough Draft Transcript, page 212.) The Court thereafter instructed the United States "to provide the defense counsel the probable witnesses for Monday" and the defendants to "[p]rovide reciprocal discovery for Monday's witnesses by noon Sunday." (*Id.* at 215.) The United States provided its list of witnesses as instructed. (Exhibit C.) Instead of producing any documents, however, the defendants responded, "we hereby certify our ongoing compliance with all Rule 16 reciprocal discovery obligations." (*Id.*) In accordance with the Court's previous order, the

defendants should be required to immediately produce—in native format—any documents they

intend to use in cross-examination of the identified witnesses, or confirm that no such

documents exist.

Respectfully submitted,

FRANCIS M. HAMILTON III
UNITED STATES ATTORNEY

By:  *s/ Brian Samuelson*
Jeremy S. Dykes, Maryland Bar Member
Brian Samuelson, Bar No. 1403015 (Alaska)
Assistant United States Attorneys
800 Market Street, Suite 211
Knoxville, Tennessee 37902
(865) 545-4167
jeremy.dykes@usdoj.gov
brian.samuelson@usdoj.gov