UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

UNITED STATES OF AMERICA

v.  No. **3:24-cr-113**
   Varlan/McCook

**TINA ROPER**, *et al.*

---

## DEFENDANTS' TRIAL BRIEF REGARDING THE RELEVANCE AND ADMISSIBILITY OF ALL PRESCRIPTIONS SEIZED AT ROCKY HILL PHARMACY

---

Defendants are entitled to enter into evidence the balance of prescriptions seized from Rocky Hill Pharmacy as the Government appears to agree.[1] Defendants assert they are entitled to enter the prescriptions for three (3) distinct reasons: (1) as a demonstrative exhibit under *Fed R. Evid. Rule* 107; (2) pursuant to the Rule of Completeness under *Fed R. Evid. Rule* 106; and, (3) to avoid misleading the Jury to accept the Government's false premise of *falsus in uno, falsus in omnibus.*

The Government has given the defendants the very support needed to grant their reasonable request to have the Government bring the 15 boxes containing approximately seventy-seven thousand (77,000) prescriptions in their Trial Brief [Doc. 424]. The Government does not seek to exclude the prescriptions to avoid misleading the Jury (f*alse premise and double negative that it is*) — they seek to exclude the Jury even seeing the fifteen (15) bankers boxes to avoid the Jury learning the truth about the Government's shenanigans in this case — the Jury is already asking itself - "What else is the Government hiding?"

---

[1] "The prescriptions should therefore be admitted into evidence or—the much wiser course—excluded entirely." [Doc. 424] - *last sentence*

> **"As the Sixth Circuit has explained, "the Latin maxim *falsus in uno, falsus in omnibus*—false in one, false in all—does not have an inverse corollary: true in one, true in all." *Dimora*, 750 F.3d at 630"** [Doc. 424]

The Government is engaging in Projection[2] and seeks to brace up their failing case by preventing the Jury from seeing how many prescriptions they seized and how few they could find issue with — allowing them to argue — *falsus in uno, falsus in omnibus* — that true a few poorly documented prescriptions means that all seventy seven thousand (77,000), more or less, prescriptions are illegitimate, unauthorized and illegal. The Government is fearful that their own shortcomings will be put on full display once the jury sees the extent of their careful distillation of the voluminous prescriptions down to a mere pittance of questionable[3]. The only way for the defendants to defend the government's projection is to put the government case in its proper context and show the minuscule, and statistically insignificant, number of prescriptions the government contends were persuasive, when in fact the "analysis" advanced by their "expert" must be put back in the crystal ball from which she extracted it[4] — and if, for no other reason, all the prescriptions must come into evidence pursuant to the Rule of Completeness. *Fed. R. Evid. Rule 106*.

The government has introduced a scintilla of a few carefully curated prescriptions seeking to mislead the jury into thinking that defendants were forging and altering all the prescriptions at RHP for years to enrich themselves. This is a false premise based on a tiny fraction of the

---

[2] "Projection" Psychological projection is a Sigmund Freud-introduced defense mechanism where individuals unconsciously attribute their own undesirable, disowned, or uncomfortable emotions, thoughts, and impulses onto others to avoid personal anxiety. Common in relationships, this "displaced" behavior allows someone to deflect responsibility for their own flaws, such as anger or insecurity, by accusing someone else of having them.

[3] Defendants would assert that even the pittance of questionable prescriptions has been further whittled down by blistering cross examination and frankly, once the dust settles, defendants believe the Government will be standing naked and afraid in full view of this Jury.

[4] Dr. Jodi Sullivan was unable to establish a foundation for her testimony, stating "I do not take notes," and failing to name any providers or patients not included on the slides of her Power Point presentation.

prescriptions.  The government has opened the door which allows the defendants to introduce the balance of the prescriptions into evidence so as to give the Jury the full context of the case — filling in the middle of the puzzle if you will.

Defendants are not seeking to prove they provided seventy-seven thousand (77,000), more or less, duly authorized, legal prescriptions.  In fact, defendants suffer under no such duty to prove anything.  This is not an instance of offering evidence of "banks they did not rob[5]" trying to make this situation analogous to the facts of *United States v. Dawkins,* 999 F. 3d 767, 792 (2$^d$ Cir. 2021), as suggested by the Government, *conversely*, the inverse is true — in order to avoid misleading the Jury, all the prescriptions must come into evidence.  This Jury deserves the truth — no matter how devastating to the Government's case — that the minuscule percentage of allegedly "questionable" prescriptions are an insignificant exception — not the rule.

**Respectfully submitted,** this the 6th day of March, 2026.

/s/ *Scott L. Saidak*
Scott L. Saidak
Attorney for Anne Warren
720 South Gay Street
Knoxville, TN 37902
Telephone: (865) 244-2889
ssaidak2001@aol.com

/s/ *Keith D. Stewart*
Reynolds, Atkins, Brezina & Stewart PLLC
Attorney for Tina Roper
606 Main Street, Suite 225
Knoxville, TN 37902
Telephone: (865) 525-0505
keithdstewart@gmail.com

---

[5] But that is just a variant of "good acts" evidence—like arguing that someone must not have robbed a small bank because he once passed up an opportunity to rob a bigger bank. And in any event, Dawkins himself explained (in a recorded call) why it made perfect sense to bribe only assistant coaches: head coaches are already "making too much money, and it's too risky."

## CERTIFICATE OF SERVICE

      I hereby certify that on March 6th, 2026, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send the notice of electronic filing to all counsel of record.

<u><em>/s/ Scott L. Saidak</em></u>