UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.: 3:24-CR-113-TAV-JEM |
| | ) |
| TIFFANY HANEY, | ) |
| ANNE WARREN, and | ) |
| TINA ROPER, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's Bench Brief Regarding Admissibility and Relevance of Text Messages and Emails [Doc. 398], defendants' responsive Bench Brief [Doc. 407], and the government's reply [Doc. 420]. Defendants indicate that there is no objection to the introduction of Exhibits 5012, 5013, 5014, 5049, 5050, 5057, 5059, 5060, 5063, 5065, 5067, 5069, 5070, 5085, 5104, and 6001 [Doc. 407, p. 1]. However, defendants object to the introduction of Exhibits 5003, 5010, 5017, 5018, 5020, 5021, 5023, 5029, 5074, 5077, 5079, 5084, 5087, 5089, 5094, 5098–5101, 5103, 5105–5108, 6002, and 6002-A [*Id.*]. Accordingly, the Court will address the challenged exhibits here.

I. **Parties' Arguments**

In its opening brief, the government submits that the electronic communications it intends to admit are admissible as "(1) admissions of party opponents under Fed. R. Evid. 801(d)(2)(A); (2) statements of co-conspirators in furtherance of the conspiracy under Rule 801(d)(2)(E); and (3) direct evidence of intent, knowledge, materiality, and mutual agreement in this wire fraud conspiracy" [Doc. 398, p. 1]. As to its last point, the government further

avers that the electronic communications at issue demonstrate "planning, financial motive, concealment, and coordination" which are directly relevant to fraudulent intent [*Id.* at 3].

In response, defendants argue, in a conclusory fashion, that these exhibits (1) do not contain statements made in furtherance of any alleged conspiracy; (2) are presented in isolation and materially out of context; (3) do not qualify as party admissions; and (4) lack relevance to any fact of consequence [Doc. 407, pp. 1–2].

In reply, the government, in large part, notes its inability to provide a meaningful response to defendants' general objections [Doc. 420, p. 2]. Despite this, the government organizes the challenged exhibits into categories of probative value, namely "profit-driven substitutions and drug manipulation," "fabrications and alteration of prescriptions," and concealment [*Id.* at 2–3]. Additionally, the government contends that many of these challenged exhibits are probative of knowledge and agreement, which go towards the elements of a conspiracy [*Id.* at 3]. As to Exhibits 6002 and 6002-A specifically, the government submits that these exhibits are "offered to prove that . . . [defendant] Anne Warren was placed on notice by a provider's compliance officer that Rocky Hill Pharmacy may not 'add on medications not prescribed on the original prescription received' from the provider" [*Id.*]. In other words, these exhibits may be admitted to show effect on the listener [*Id.*].

**II.  Analysis**

Upon review of the challenged exhibits, the majority contain statements made only by defendants in this case: Exhibits 5003, 5010, 5020, 5021, 5023, 5029, 5079, 5087, 5089, 5094, 5098, 5099, 5100, 5101, 5103, 5106, and 5107. While defendants contend these are not "party admissions," defendants provide no argument in support of this assertion [*See* Doc. 407, p. 1].

2

Upon its own assessment of the above-numbered exhibits, and in consideration of the parties' arguments, or lack thereof, the Court finds that the above-numbered exhibits are not hearsay as they qualify under Rule 801(d)(2)(A) as statements made by party opponents in this case.[1]

Turning then to relevancy, the Court begins by noting that "[r]elevance is a low bar." *United States v. Burrell*, 114 F.4th 537, 556 (6th Cir. 2024) (internal quotation marks omitted) (quoting *United States v. Wilder*, 87 F.4th 816, 819 (6th Cir. 2023)). With this in mind, the Court finds the above-numbered exhibits to be relevant to the existence of an agreement between defendants, intent to join an agreement, a scheme to defraud, misrepresentations, concealment, intent to defraud, and motive. *See* 18 U.S.C. § 1343; Sixth Circuit Pattern Jury Instructions § 10.02; *United States v. Cunningham*, 679 F.3d 355, 373 (6th Cir. 2012) ("To secure a conviction for conspiracy to commit wire fraud, the government must prove beyond a reasonable doubt that the defendant 'knowingly and willfully joined in an agreement with at least one other person to commit an act of [wire] fraud and that there was at least one overt act in furtherance of the agreement.'" (quoting *United States v. Jamieson*, 427 F.3d 394, 402 (6th Cir. 2005))). Accordingly, the Court will **OVERRULE** defendants' objections to the above-numbered exhibits.

The Court turns next to Exhibits 5017, 5018, 5074, 5077, 5084, 5105, and 5108. Each of these exhibits includes one of the defendants as a party to the conversation shown. As to defendants' own statements within these exhibits, the Court finds these statements admissible, and relevant, for the same reasons iterated above. But these exhibits also contain statements

---

[1] The Court would also find, though not necessary here, that these exhibits, and the statements contained therein, would be admissible additionally under Rule 801(d)(2)(E), which addresses statements made by a coconspirator during and in furtherance of the conspiracy at issue.

3

of those other than defendants.[2] Ultimately, the Court finds the third-party statements made within these exhibits are "offered to provide context" and accordingly, "do not count as hearsay." *United States v. Wise*, No. 24-5024, 2025 WL 3285648, at *3 (6th Cir. Nov. 25, 2025) (citing *United States v. Jaffal*, 79 F.4th 582, 598 (6th Cir. 2023)) ("In other words, contextualizing statements do not meet the second part of the hearsay definition[,]" i.e., they are not offered for their truth). Accordingly, these exhibits may be admitted as non-hearsay, and the Court will do so, finding the statements contained therein to be either relevant or contextualizing. In turn, the Court will **OVERRULE** defendants' objections as to these exhibits.

Finally, the Court turns to Exhibits 6002 and 6002-A, which the government submits are not being offered for the truth of the matter asserted but rather, to show their effect on the listener, defendant Anne Warren [*See* Doc. 420, p. 3]. "A statement that is not offered to prove the truth of the matter asserted but to show its effect on the listener is not hearsay." *Biegas v. Quickway Carriers, Inc.*, 573 F.3d 365, 379 (6th Cir. 2008) (citation omitted). And "[s]uch a statement may be admitted to show why the listener acted as she did." *United States v. Churn*, 800 F.3d 768, 776 (6th Cir. 2015) (citations omitted). According to this Sixth Circuit authority, and upon review of these exhibits, the Court finds Exhibits 6002 and 6002-A to be admissible for the purposes the government has submitted. Therefore, the Court will **OVERRULE**

---

[2] Some of these exhibits appear to contain screenshots or photographs within the conversations: Exhibits 5017, 5018, and 5084. For example, Exhibit 5018 contains a photograph of what appears to be a computer screen showing a program account for Rocky Hill Pharmacy. Neither party has specifically addressed whether the information in these images is itself hearsay. But, to the extent it is, the Court finds it admissible for the same reasons discussed herein, i.e., to provide context.

defendants' objections as to Exhibits 6002 and 6002-A.

### III. Conclusion

Therefore, for the reasons stated herein, defendants' objections to the challenged exhibits here are **OVERRULED**. In accordance with this ruling, the Court finds a limiting instruction to be appropriate and proposes the following:

> The government intends to introduce exhibits, from its 5000 series and 6000 series, which contain text messages and email conversations involving Tiffany Haney, Anne Warren, Tina Roper, and others. Tiffany Haney's statements, Anne Warren's statements, and Tina Roper's statements are admitted for their truth and can be considered as such, that is, for the truth of the matter asserted. Statements by those other than the defendants, however, are admitted for context or for their effect on the listener(s) and should not be considered for any other purpose, that is, not for the truth of the matter asserted.

If the parties have any comments as to this proposed limiting instruction, such comments must be filed no later than **Monday, March 9, 2026, at 8:00 a.m. Eastern Standard Time**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE