UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:24-CR-113-TAV-JEM |
| TIFFANY HANEY, ANNE WARREN, and TINA ROPER, | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the government's Trial Brief Regarding the Admissibility of all Prescriptions Seized at Rocky Hill Pharmacy ("RHP") [Doc. 424], in which the government objects to defendants' request to admit/and or use as a demonstrative aid "thousands of prescriptions" [*Id.* at 1]. As background, the government raised this issue at trial on March 5, 2026. The Court ordered the government to file a brief with appropriate legal authority by 9:00 p.m. on March 5, 2026, with defendants to respond by 9:00 a.m. on March 6, 2026. The government filed the instant trial brief [Doc. 424]. Defendants filed two trial briefs in opposition: one on behalf of defendants Anne Warren and Tina Roper [Doc. 426], and a second on behalf of all defendants jointly [Doc. 427].

### I. The Parties' Arguments

In its trial brief, the government submits that defendants intend to "offer the entire corpus of prescriptions seized at [RHP] into evidence and/or use it as a demonstrative aid" [Doc. 424, p. 1]. The government argues that defendants should be precluded from offering

these prescriptions into evidence under Federal Rules of Evidence 401, 403, and 404(b) [*Id.* at 3–4]. Specifically, the government argues that defendants seek to offer this evidence to show that they "acted in accordance with their asserted propensity not to commit fraud" [*Id.* at 1].

The government relies heavily on two cases from the Eastern District of Michigan—*United States v. Kouza*, No. 20-CR-20430, 2024 WL 3236703 (E.D. Mich. June 28, 2024) and *United States v. Judd*, 672 F. Supp. 3d 389 (E.D. Mich. 2023) [*Id.* at 2–4]. In each of these healthcare fraud cases the government moved to preclude evidence of "legitimate billing," and the defendants objected [*Id.* at 3]. In both cases the court granted the government's motion, finding that instances of legitimate billing had no bearing on whether the defendants were guilty of the fraudulent conduct charged in the indictment [*Id.*]. The government asserts that these cases are similar to the present case because "evidence that a defendant engaged in legal, honest conduct some of the time has no bearing on whether the defendant engaged in, or had knowledge of, fraudulent conduct charged by the government" [*Id.* at 1 (quoting *Kouza*, 2024 WL 3236703, at *2)]. The government also contends that evidence of these prescriptions would expand the scope of this case, cause undue delay, and confuse the issues [*Id.* at 3 (citing Fed. R. Evid. 403)].

Further, the government asserts that defendants have not identified any basis for admitting these prescriptions [*Id.* at 4]. The government notes that expert witness Jodi Sullivan testified on direct examination that a certain prescription was "an example of one of the patterns that we saw in the prescriptions in these side by sides where a compound was authorized and then a drug in the add-on substitution area was added, particularly

2

halobetasol, and that was added after the provider provided this prescription" [*Id.*]. The government states that defense counsel elicited further testimony regarding these "patterns" on cross examination, and defendants' attempt to admit all of the seized prescriptions to purportedly place the "patterns" into "context" is, in actuality, an attempt to show other, non-fraudulent, prescriptions [*Id.*].

Lastly, the government argues that defendants should not be permitted to use the prescriptions as illustrative or demonstrative aids, because the "unadmitted boxes of prescriptions" have no pedagogical value and would invite speculation as to the boxes' contents [*Id.* at 5]. Further, the government asserts that the display of these unadmitted materials could have no other purpose than "to encourage the jury to decide this case based on something other than what is in evidence" [*Id.* (citing Sixth Circuit Pattern Jury Instruction 1.04)].

As noted, defendants filed two briefs in response to the government's trial brief. First, defendants Warren and Roper respond that the prescriptions are admissible for three reasons: (1) as a demonstrative exhibit; (2) pursuant to the rule of completeness; and (3) to avoid misleading the judge to accept the government's "false premise of *falso in uno, falsus in omnibus*" [Doc. 426, p. 1 (citing Fed. R. Evid. 106, 107)]. Defendants Warren and Roper assert that the government seeks to prevent the jury from seeing "how many prescriptions they seized and how few they could find issue with" [*Id.* at 2]. They contend that the prescriptions are admissible to provide context and avoid misleading the jury [*Id.* at 2–3].

Next, defendants collectively argue that the government has introduced less than one percent of prescriptions dispensed by RHP during the relevant time frame [Doc. 427,

3

p. 1]. As a result, defendants seek to introduce "the broader prescription corpus" to show that the prescribing physicians associated with RHP engaged in a pattern and practice of authorizing and prescribing the medications at issue [*Id.* at 2].

Moreover, defendants state that "[w]hen a party relies on selected documents to prove a pattern, the opposing party must be permitted to introduce additional documents that place those selections into proper context" [*Id.* (citing Fed. R. Evid. 106, 401, 402, 403, 611(a))]. Defendants also respond that they "do not seek to introduce the prescriptions to argue that lawful conduct elsewhere proves innocence here" but to "rebut the government's claim that the pharmacy's dispensing practice exhibited fraudulent patterns" and to show that the providers authorized and prescribed the medications at issue [*Id.* at 3].

Defendants point to Sullivan's testimony that she observed "patterns" in certain prescriptions and that several prescriptions were problematic [*Id.* at 2]. Based on this testimony, defendants contend that the government "opened the door" to the admission of prescriptions necessary to determine if the alleged "patterns" exist [*Id.*]. Lastly, defendants represent that these prescriptions are highly probative of the providers' prescribing behavior and will not create a substantial risk of unfair prejudice or mislead the jury [*Id.*].

## II. Analysis

### A. Admissibility of the Prescriptions

As previously noted, the government seeks to exclude this evidence under Rules 401, 403, and 404(b) [Doc. 424]. The Court has broad discretion "in determinations of admissibility based on considerations of relevance and prejudice[.]" *United States v. Jackson-Randolph*, 282 F.3d 369, 376 (6th Cir. 2002) (citing *United States v. Hawkins*,

4

969 F.2d 169, 174 (6th Cir. 1992); and then citing *United States v. Stull*, 743 F.2d 439, 445 (6th Cir. 1984)). Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without that evidence. Fed. R. Evid. 401(a)-(b). "And, 'the fact [must be] of consequence in determining the action.'" *United States v. Hazelwood*, 979 F.3d 398, 408 (6th Cir. 2020) (citing Fed. R. Evid. 401(b)).

"In a criminal case, a fact is 'of consequence' if it makes it more or less likely that the defendant committed the charged conduct." *Id.* at 409. To satisfy this requirement, "evidence must at least be 'a step on one evidentiary route to the ultimate fact.'" *Id.* (quoting *Old Chief v. United States*, 519 U.S. 172, 179 (1997)). Courts "employ an 'extremely liberal' relevancy standard." *United States v. Sosa-Baladron*, 800 F. App'x 313, 325 (6th Cir. 2020) (quoting *United States v. Ramer*, 883, F.3d 659, 681 (6th Cir. 2018)). Rule 403, however, instructs courts to exclude relevant evidence if the probative value of such evidence "is substantially outweighed by the danger of unfair prejudice." *Huddleston v. United States*, 485 U.S. 681, 687 (1988); *accord* Fed. R. Evid. 403.

The Court begins with the premise that individual instances of non-criminal conduct have no bearing on defendants' guilt or innocence of the offenses charged in the Third Superseding Indictment. *See United States v. Householder*, 645 F. Supp. 844, 852–53 (S.D. Ohio 2022) (precluding the defendants in a bribery case from introducing evidence of other, legitimate political contributions); *see also United States v. Ellisor*, 522 F.3d 1255, 1270 (11th Cir. 2008) (affirming the district court's ruling precluding the defendant from offering evidence of legitimate business activities because "evidence of good conduct is not admissible to negate criminal intent."); *Herzog v. United States*, 226 F.2d 561, 565

(9th Cir. 1955) ("A defendant cannot establish his innocence of crime by showing that he did not commit similar crimes on other occasions."); *United States v. Scarpa*, 897 F.2d 63, 70 (2d Cir. 1990) ("A defendant may not seek to establish his innocence . . . through proof of the absence of criminal acts on specific occasions."). In other words, evidence of prior, valid prescriptions does not make it more or less likely that defendants committed the alleged fraud on this occasion. *See* Fed. R. Evid. 401, 402. Thus, even recognizing that relevance is a "low bar," the evidence at issue here is not a "step" on the "evidentiary route to the ultimate fact." *See Hazelwood*, 979 F.3d at 409 (quoting *Old Chief*, 519 U.S. at 179).

Even if the evidence was relevant, it is subject to Rule 404, which states the general rule that "[e]vidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed. R. Evid. 404(a)(1). Further, "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, "[t]his evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b)(2). "Before admitting other-acts evidence for such a non-character purpose, however, the district court must decide whether the evidence is probative of that limited purpose." *United States v. Dimora*, 750 F.3d 619, 630 (6th Cir. 2014).

Here, the evidence that defendants seek to introduce would merely show that valid, non-fraudulent prescriptions were filled by RHP on prior occasions. Under Rule 404(b)(1), this evidence of prior "good acts" is not admissible to show that, on this occasion,

6

defendants acted in accordance with that character and filled valid prescriptions. *See id.* ("For the same reason that prior 'bad acts' may not be used to show a predisposition to commit crimes, prior 'good acts' generally may not be used to show a predisposition not to commit crimes."). It is "like arguing that someone must not have robbed a small bank because he once passed up the opportunity to rob a bigger bank." *United States v. Dawkins*, 999 F.3d 77, 792 (2d Cir. 2021). Moreover, "[t]he Sixth Circuit has repeatedly held that evidence that a defendant engaged in legal, honest conduct some of the time has no bearing on whether the defendant engaged in, or had knowledge of, fraudulent conduct charged by the government." *Kouza*, 2024 WL 3236703, at *2.

The Court finds that *Kouza* and *Judd* are instructive in this case. In each case, the court granted the government's motion to preclude evidence of the defendant's "legitimate billing." *Kouza*, 2024 WL 3236703, at *2; *Judd*, 672 F. Supp. at 392. In *Judd*, the court explained that "the fact that [the defendant] can direct the Court to instances where he properly billed Medicaid is completely unrelated and irrelevant to a determination of whether he is guilty or innocent of the charged offense of Healthcare fraud." *Judd*, 672 F. Supp. at 393. The court also noted that "[a]llowing [the defendant] to introduce such evidence would only serve to confuse the jury and must be excluded pursuant to 403." *Id.*

Turning to the instant case, the Court finds that evidence of other prescriptions seized from RHP is not admissible under Rule 404(b), and Sullivan's testimony did not open the door to the introduction of such evidence. Here, much like in *Kouza* and *Judd*, evidence of defendants' prior "good acts" has no bearing on the determination of whether defendants are guilty or innocent of the offenses charged in the Third Superseding

7

Indictment. *See Kouza*, 2024 WL 3236703, at *2; *Judd*, 672 F. Supp. at 392–93. In other words, evidence of valid prescriptions filled on prior occasions is only relevant if the jury infers that defendants acted in conformity with those "good acts" and in fact filled valid prescriptions on this occasion.

Sullivan's testimony regarding prescription "patterns" also did not open the door to defendants' admission of the prescriptions. As noted, Sullivan testified that a certain prescription was part of a pattern that she observed in the prescriptions she reviewed, showing that a drug substitution area was added after the provider provided the prescription. Defendants' attempt to offer all other prescriptions for "context" is an attempt to show that defendants acted in conformity with prior "good acts" and did not commit fraud on this occasion. This is "the exact propensity inference Rule 404(b)(1) is designed to prohibit." *Dawkins*, 999 F.3d at 792; *see United States v. Hardy*, 643 F.3d 143, 157 (6th Cir. 2011) ("Rule 404(b) evidence must be carefully managed to avoid it becoming precisely what it is designed to prevent: propensity or character evidence.").

The Court further finds that the evidence is not admissible for any other purpose contained in Rule 404(b)'s exception. To determine whether the evidence is admissible under Rule 404(b), the Court examines whether the evidence "is probative of a material issue other than character." *Hazelwood*, 979 F.3d at 411 (quoting *Huddleston*, 485 U.S. at 686). Defendants' intent to rebut the government's evidence of fraud with evidence of prior good acts is propensity evidence on its face—serving as an attempt to show defendants' good, non-fraudulent character. Thus, the evidence is inadmissible under Rule 404(b).

Even if the evidence was relevant under Rule 401 and admissible for a non-propensity purpose under Rule 404(b), the Court nonetheless concludes that it should be excluded under Rule 403. Irrespective of any probative value this evidence may have, the admission of thousands of additional prescriptions would expand the scope of the case, thereby creating undue delay, confusing the issues, and misleading the jury. *See* Fed. R. Evid. 403. Notably, the evidence would likely encourage the jury to render a verdict based on prior "good acts," outweighing any probative value the documents may have. Moreover, the admission of such a large volume of documents would lead to a collateral "mini-trial" on the validity of thousands of prescriptions, distracting the jury from the charges alleged in the Third Superseding Indictment.

### B. Use of the Prescriptions as an Illustrative Aid

The government also objects to the use of the evidence as an illustrative aid [*See* Doc. 424]. Illustrative aids are "used as pedagogical devices which organize or aid the jury's examination of testimony or documents which are themselves admitted into evidence." *United States v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998) (citation omitted); *United States v. Munar*, 419 F. App'x 600, 608 (6th Cir. 2011) ("We understand the term 'pedagogical device' to mean an illustrative aid[.]"). "The court may allow a party to present an illustrative aid to help the trier of fact understand the evidence or argument *if* the aid's utility in assisting comprehension is not substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, or wasting time." Fed. R. Evid. 107 (emphasis added). Moreover, "[t]he trial judge has discretion to control the use of such illustrative aids under Federal Rule of Evidence 611(a), which

9

Case 3:24-cr-00113-TAV-JEM   Document 435   Filed 03/08/26   Page 9 of 10
PageID #: 5007

permits a trial court to "exercise reasonable control over the mode and order of examining witnesses and presenting evidence[.]" *United States v. Homedes*, Nos. 23-6048/6065, 2025 WL 342809, at *3 (6th Cir. Jan. 30, 2025) (citing Fed. R. Evid. 611(a)).

In light of these principles, defendants will not be permitted to introduce otherwise inadmissible evidence as an illustrative aid. *See Bray*, 139 F.3d at 1111 (explaining that illustrative aids are intended "organize or aid" *admitted* evidence) (emphasis added). Defendants have not cited any case law demonstrating that the evidence may be used as an illustrative aid or shown how the evidence would properly assist the trier of fact [*See* Docs. 426, 227]. Further, the Court finds that any utility in assisting comprehension by the jury is substantially outweighed by the danger of confusing the issues, misleading the jury, and wasting time. *See* Fed. R. Evid. 403. Since the use of this evidence as a demonstrative aid is likely to invite speculation as to the contents of the documents, any benefit is substantially outweighed by the risk of misleading the jury. *Id.*

### III. Conclusion

For the reasons explained above, defendants' request to admit all prescriptions seized from RHP and/or to use such prescriptions as an illustrative aid is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan<br>
UNITED STATES DISTRICT JUDGE